HOLMES, Judge
(concurring specially).
While I concur in the result reached on the merits, I disagree with the majority on the issue of “notice.” The notice referred to is that provided for “known kindred of the child” under Alabama Code (1975), § 26-10-3.
The majority has concluded that notice by publication was less than “just and practicable” as provided in § 26-10-3. The basis of the majority’s conclusion seems to be that the adopting grandparents knew personally certain “kindred” of the child and did not provide them with personal notice.
It is my opinion that, in light of there being no statutory definition of “kindred” within Alabama Code (1975), § 26-10-3, the requiring of personal notice to each and every known kindred could be unduly burdensome. It is my opinion that notice by publication in this instance, keeping in mind that it was the paternal grandparents who were attempting to adopt, would suffice as “just and practicable” under § 26-10-3.
Additionally, I would state that in my view the case is due to be reversed simply for the following reason. In this instance for the required “consent” to be unnecessary the petitioner must establish that the parent is one “who cannot be found.” Alabama Code (1975), § 26-10-3. To do this the petitioner must make a reasonable and diligent effort to find such parent. The petitioners’ own testimony is that they made no effort to locate the parent. Hence, reversal is mandated.